**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-01772-001-TUC-RM (MSA) |
| Plaintiff, | **ORDER** |
| v. | |
| Terry Lee Ratliff, | |
| Defendant. | |

On November 17, 2022, the Court sentenced Defendant Terry Lee Ratliff in the above-captioned matter to a 21-month term of imprisonment followed by a 3-year term of supervised release. (Docs. 25, 27.) On December 27, 2024, Defendant filed a pro se letter averring that he is in state custody and a hold on him from this Court is preventing him from obtaining treatment services. (Doc. 30.) The Court struck the filing on the grounds that Defendant was still represented by counsel in this matter. (Doc. 32.) Defendant's attorney then moved to withdraw (Doc. 34), and Defendant filed a pro se Motion Requesting Appointment of Counsel (Doc. 33). The Court granted the Motion to Withdraw and partially denied the Motion Requesting Appointment of Counsel to the extent it requested the appointment of counsel. (Doc. 35.)

The Court took the Motion Requesting Appointment of Counsel under advisement to the extent Defendant requests the issuance of a writ of habeas corpus ad prosequendum to obtain his presence for supervised release revocation proceedings in this Court. (*Id.*) The Government filed a Response to that portion of the Motion, opposing Defendant's

request for the issuance of a writ of habeas corpus ad prosequendum. (Doc. 36.) The Government argues that Defendant is not entitled to speedy disposition of his supervised release violation charge in this Court, that waiting to bring Defendant into federal custody until after his release from state custody will alleviate the burdens of shuttling Defendant back and forth from state and federal custody, and that Defendant will suffer no prejudice if he is required to finish his state sentence prior to the initiation of revocation proceedings in this Court, because the Sentencing Guidelines have a policy that the sentence imposed for a violation of supervised release is to run consecutively to any sentence imposed for a crime that is the basis for the revocation. (*Id.*) The Government avers that Defendant's projected release date from the Arizona Department of Corrections is July 8, 2026, that a federal detainer has been lodged, and that the United States Marshal will arrest Defendant and transport him to federal custody upon his release from state custody. (*Id.* at 2.)

Because Defendant's release from state custody will occur in the near future, the Court will deny the request for the issuance of a writ of habeas corpus ad prosequendum.

**IT IS ORDERED** that the under-advisement portion of Defendant's Motion Requesting Appointment of Counsel (Doc. 33) is **denied**.

Dated this 6th day of April, 2026.

_____
Honorable Rosemary Márquez
United States District Judge

- 2 -